IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JACOB BRANSON DAVIS,            )
                                )
            Plaintiff,           )
                                )
    v.                           )    1:15CV362
                                )
WILLIAM CHARLES BLANCHARD, in    )
his individual and official      )
capacities; THE GUILFORD COUNTY  )
BOARD OF EDUCATION; CRANDALL     )
FRANCES CLOSE, in her            )
individual and official          )
capacities; and THE STATE OF     )
NORTH CAROLINA,                  )
                                )
            Defendants.          )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

This matter comes before the court on the motion to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6) filed by Defendants Crandall Frances Close and the State of North Carolina (Doc. 10). Plaintiff Jacob Branson Davis ("Plaintiff") filed a motion to extend time to file a response (Doc. 27), however, after a hearing, Plaintiff conceded that he would follow counsel's advice and did not intend to resist the motion to dismiss filed by these Defendants. This matter is ripe for resolution and, without

objection, and for the following reasons, this court finds Defendants' motion to dismiss should be granted.

## I.  FACTS AND PROCEDURAL HISTORY

The following facts are drawn from the Complaint, (Complaint ("Compl.") (Doc. 3)), and are presented in the light most favorable to Plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because the operative facts are alleged to give rise to claims against the moving defendants, Defendants Close and the State of North Carolina, as well as to factually related but legally unrelated claims against the other various defendants within the school system, only those relevant facts that relate to the moving defendants will be addressed here. A discussion of these and other operative facts will be set forth in a related Memorandum Opinion and Order addressing the motion to dismiss filed by the co-defendants. (See Motion to Dismiss (Doc. 6) (filed by Defendants the Guilford County Board of Education and William Charles Blanchard, in his individual and official capacities).)

Defendant Crandall Frances Close ("Defendant Close") is a citizen of North Carolina. (Compl. (Doc. 3) ¶ 5.) She was an "Assistant Public Defender in the District 18 office of the North Carolina Office of Indigent Defense Services," (id. ¶ 28), and was "assigned to be Plaintiff's legal representation." (Id.

¶ 147.) The State of North Carolina is named as a defendant based "upon the relation of the North Carolina Office of Indigent Defense Services, an agency of the State established pursuant to the provisions of N.C. Gen. Stat. § 7A-498 et seq. and vested with statutory authority to establish, supervise, and maintain a system for providing indigent persons legal representation . . . ." (Id. ¶ 6.)

Plaintiff, a minor at the time of the events in question, (id. ¶¶ 17-18), attended Southeast Guilford High School during the 2009 to 2010 school year. (Id. ¶ 55.) The Complaint alleges that difficulties arose between Plaintiff and other students, (see id. ¶¶ 59-67), and that these interactions culminated in an assault by Dennis Ray Covington Jr., a fellow student, on April 29, 2010. (See id. ¶¶ 68-83.) The April 29, 2010 assault is the foundation of this suit.

According to the Complaint, at approximately 1:30 p.m. on April 29, 2010, Plaintiff was in the boys' locker room, changing clothes at the end of his Advanced PE class. (Id. ¶ 69.) No school employees were present in the locker room at this time. (Id. ¶ 77.) While Plaintiff was bent over and leaning into a lower locker to retrieve his clothing, leaving the open locker door on his right side, Covington approached his left side and Covington's friend, Brandon Jacobi South, stood behind

-3-

Plaintiff. (Id. ¶ 70.) According to Plaintiff, Covington asked Plaintiff, "Who you calling a [racial epithet]?" and Plaintiff replied "I don't know what you're talking about." (Id. ¶¶ 71-72.) At that point, Covington began repeatedly punching Plaintiff in the face and head as Plaintiff tried unsuccessfully to escape. (Id. ¶¶ 73-74.) Finally, Plaintiff got up and pushed past Covington, who continued to beat him in the back of the head as Plaintiff ran to the door and out of the locker room. (Id. ¶¶ 75-76.) No school employees were close enough to the locker room to hear the attack or commotion or to see Plaintiff come into the hallway. (Id. ¶ 78.)

Plaintiff then ran down the hallway to an office where Coaches Fritz, Coble, and White were located. (Id. ¶ 79.) As Plaintiff's nose and mouth were bleeding profusely at this point, a coach asked, "Dear God what has happened?" (Id. ¶¶ 80-81.) Unable to speak because of the injuries he sustained in the attack, Plaintiff pointed towards the locker room in response. (Id. ¶ 82.) Coach White rendered some medical aid to Plaintiff, stuffing gauze into his nose to help stop the bleeding. (Id.) Coach White took Plaintiff to Principal Blanchard's office. (Id.)

Subsequently, Guilford County Sheriff's Department officers met with Plaintiff and his mother to take a report, which

-4-

described the offense as an assault with serious injury or deadly weapon, perpetrated by Covington on Plaintiff. (Id. ¶¶ 102-03.) Apparently, despite repeated requests to the school, criminal charges were not immediately filed against one of the participants in the assault. (Id. ¶¶ 125-26, 137.) Consequently, in early June 2010, Plaintiff's mother asked the Guilford County Sheriff's Department to press charges against Covington. (Id. ¶ 138.) Plaintiff alleges that in response to and in retaliation for this request, Defendant William Charles Blanchard, principal of the school, initiated the process of charging Plaintiff with Disorderly Conduct by Fighting. (Id. ¶ 139.) Plaintiff alleges that these actions were intended to keep him from pursuing redress for the damages he suffered during the assault and to prevent Blanchard and the Guilford County Board of Education from incurring liability for mistakes made when investigating and responding to the assault. (Id. ¶ 143.)

After Plaintiff was charged with Disorderly Conduct by Fighting, Defendant Close was appointed as Plaintiff's counsel. (Id. ¶ 147.) Plaintiff makes a number of allegations as to Defendant Close's improper representation of him, including that Defendant Close tried to get Plaintiff to plead guilty to the offense, (id. ¶ 158), she tried to advance the interests of the

attacker, (id. ¶ 157), and she erroneously told Plaintiff he was not allowed to call witnesses, (id. ¶ 161), or testify in his defense. (Id. ¶ 162). Plaintiff also alleges that Defendant Close threatened him. (Id. ¶ 164.) Nevertheless, according to the Complaint, the criminal case was dismissed.[1] (Id. ¶ 169.)

The Complaint contains the following claims for relief as to Defendant Close and the State of North Carolina: Claim VI (legal malpractice), Claim VII (violation of Sixth Amendment right to counsel as guaranteed by the Sixth and Fourteenth Amendments), Claim VIII (violation of constitutional rights under color of law, 42 U.S.C. § 1983), Claim IX (conspiracy to interfere with civil rights, 42 U.S.C. 1985), and Claim X (civil

---

[1] Defendants have filed the record from the juvenile proceeding. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mem."), Ex. A (Doc. 11-1).) Defendants argue that the file, as a matter of public record, constitutes facts of which the court may take judicial notice. (Defs.' Mem. (Doc. 11) at 3, n.1.) Plaintiff has neither objected to nor disputed the record. Nevertheless, the file confirms what Plaintiff has alleged, which is that the criminal charges against him were dismissed. (See Defs.' Mem., Ex. A (Doc. 11-1) at 2; Compl. (Doc. 3) ¶ 169.) As discussed further infra, Plaintiff has failed to allege in any fashion what could have possibly constituted a more successful result than a dismissal, had Defendant Close performed her duty free of the alleged improprieties. Furthermore, although not relied upon in this opinion, the file further undermines the plausibility of Plaintiff's allegations, as the file reflects a motion to dismiss was granted "at [the] close of State's Evidence," (Defs.' Mem., Ex. A (Doc. 11-1) at 2), substantially undermining Plaintiff's allegations and concerns about various defense strategies.

-6-

conspiracy), all arising from various allegations involving Defendant Close's legal representation of Plaintiff.

## II. STANDARDS AND ANALYSIS

Defendants argue for dismissal on several grounds, including insufficiency of service of process, failure to state a claim upon relief can be granted, and various forms of immunity. (Defs.' Mot. to Dismiss (Doc. 10) at 1.) This court finds each of those arguments has merit but will only specifically address several of those arguments here.

### A. Insufficient Service of Process

Plaintiff has the burden of establishing proper service of process. Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). In this case, this court can find no record of service of the summons on either named defendant. Defendants' memorandum in support of their motion does recite that Defendant Close in her official capacity and Defendant State of North Carolina were served via certified mail to the Assistant Director and General Counsel of North Carolina Indigent Defense Services, Danielle Carman. (Defs.' Mem. (Doc. 11) at 1-2.) Defendant Close was served in her individual capacity via certified mail at her home address. (Id.) However, this court is unable to determine that service was properly affected, and dismissal is appropriate for that reason alone.

-7-

Nevertheless, as another court in this district recognized in Plaintiff's prior pro se case:

> "[D]ismissal is not always mandated where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service." McCreary v. Vaughan-Bassett Furniture Co., 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005) (citing Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963)). The Court has discretion to dismiss the action or to quash service and allow more time for service of process. Thomas v. Nelms, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013); see McCreary, 412 F. Supp. 2d at 537.

Davis v. Close, No. 1:13-CV-779, slip op. at 3 (M.D.N.C. Mar. 17, 2014). Further, while service on Defendant Close may have been proper, see Cooper v. Stanback, No. 1:13CV571, 2015 WL 1888285, at *2 (M.D.N.C. Apr. 15, 2015) (finding service on a district attorney, as an officer and thus agency of the state, proper when the plaintiff served the process agent from the Administrative Office of the Courts, the entity under which district attorneys are organized), the presentation of actual notice in this case resolves the issue. Because this is Plaintiff's second filing and Defendants have actual notice of the Complaint, this court will exercise its discretion to address this case on the merits, rather than dismissing the claim without prejudice a second time. See Warren v. McGeough, No. 1:13CV1144, 2015 WL 1795000, at *3 (M.D.N.C. Apr. 16, 2015).

-8-

### B. Motion to Dismiss under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when a plaintiff provides enough factual content to enable a court to reasonably infer that the defendant is liable for the misconduct alleged. Id. The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Iqbal, 556 U.S. at 680. Under Iqbal, the court performs a two-step

-9-

analysis. First, it separates factual allegations from allegations not entitled to the assumption of truth (i.e., conclusory allegations, bare assertions amounting to nothing more than a "formulaic recitation of the elements"). Id. at 681. Second, it determines whether the factual allegations, accepted as true, "plausibly suggest an entitlement to relief." Id.; see also Estate of Williams-Moore, 335 F. Supp. 2d at 646 ("At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor.").

At the heart of Plaintiff's claims is the allegation that Plaintiff's counsel, Defendant Close, and, by extension, the State of North Carolina, breached various legal duties owed to Plaintiff, and this negligence proximately caused damage to Plaintiff. (See Compl. (Doc. 3) ¶ 347 (citing Rorrer v. Cooke, 313 N.C. 338, 355, 329 S.E.2d 355, 365-66 (1985)).)

Rather than somehow supporting Plaintiff's legal malpractice claim, Rorrer v. Cooke, 313 N.C. 338, 329 S.E.2d 355 (1985), instead reflects the implausible nature of Plaintiff's claims. As stated by the court: "Generally, the principles and proof of causation in a legal malpractice action do not differ from an ordinary negligence case. To establish that negligence

-10-

is a proximate cause of the loss suffered, the plaintiff must establish that the loss would not have occurred but for the attorney's conduct." Id. at 361, 329 S.E.2d at 369 (citations omitted). As another district court in this circuit has stated, "Under North Carolina law, there must be sufficient evidence of a 'causal relation between the alleged negligence and the injury.'" Zee Co. v. Williams, Mullen, Clark & Dobbins, P.C., 871 F. Supp. 2d 498, 508-09 (E.D. Va. 2012) (citing Carter v. Carolina Realty Co., 223 N.C. 188, 192, 25 S.E.2d 553, 555 (1943)).

Here, Plaintiff fails to allege any plausible injury because the criminal action against him was dismissed. (See Compl. (Doc. 3) ¶ 169.) Plaintiff has failed to allege in any fashion what could have possibly constituted a more successful result than a dismissal, had Defendant Close performed her duty free of the alleged improprieties. Further, this court is not aware of any more successful result than a dismissal and thus Plaintiff suffered no injury.

Because Plaintiff's criminal case was resolved favorably, his allegations against Defendant Close of conflicts, coercion, duress, and resulting emotional distress simply are not cognizable in this context. In essence, Plaintiff's complaints may be summarized as alleging that Defendant Close did obtain

-11-

the best possible result, but she did so in an unacceptable fashion. This court has not found any case that might support such a theory of recovery and therefore declines to find that this Complaint states a plausible claim as to Defendant Close or Defendant State of North Carolina. To illustrate, the Complaint alleges that Defendant Close "refused to let [Plaintiff] take the stand in his own defense or to call witnesses on his behalf." (Comp. (Doc. 3) ¶ 352.) Assuming those allegations would otherwise support Defendant Close's breach of duty or Plaintiff's emotional distress, the Complaint fails to allege any causal connection between those actions and any injury proximately caused by that alleged impropriety.

For these reasons, this court will grant Defendants' motion as to Claim VI and, further, as to Claims VII and VIII, to the extent Plaintiff's allegations of a violation of his right to assistance of counsel rest on the faulty allegations of harm to Plaintiff based on Defendant Close's alleged behavior in representing him.

### C. Additional Grounds for Dismissal

As noted supra, Plaintiff previously filed a complaint against Defendants Close and the State of North Carolina, although that complaint named Defendant Close and the Guilford County Public Defender's office. (See Davis v. Close, No.

-12-

1:13-CV-779, slip op. (M.D.N.C. Mar. 17, 2014).)  In the prior filing, the district court entered an order dismissing Plaintiff's pro se claims against Defendant Close and the Public Defender's office, holding that

> [t]he Court finds good cause does not exist to allow more time for the plaintiff to attempt proper service, in view of other defects in the complaint. Ms. Close is an assistant public defender entitled to absolute immunity from a civil rights lawsuit brought by a client. Minns v. Paul, 542 F.2d 899 (4th Cir. 1976). It is also clear that she did not act under color of state law when performing her job as an attorney, and that no § 1983 claim is available against her. Polk County v. Dodson, 454 U.S. 312, 324-325 (1981). The Guilford County Public Defender's office is not a "person" as that term is used in § 1983 and is not subject to suit for a claim pursuant to that statute. E.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).

Davis v. Close, No. 1:13-CV-779, slip op. at 3 (M.D.N.C. Mar. 17, 2014). In this new complaint, however, Plaintiff still has failed to allege any facts that would require a different result in this case. Similarly, here, Defendant Close was not acting under color of state law at the time she represented Plaintiff. See, e.g., Polk County v. Dodson, 454 U.S. 312, 317-18, 325 (1981). This alone deprives Plaintiff's allegations of "a jurisdictional requisite for a § 1983 action." See id. at 315 (holding acting under color of state law to be a § 1983 jurisdictional requisite). See generally Minns v. Paul, 542 F.2d

-13-

899 (4th Cir. 1976).[2] Finally, Plaintiff's claims are barred by the Eleventh Amendment, which does not recognize states or state officials acting in their official capacities as persons under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, Claim VIII for violations of federal constitutional rights under color of law, per 42 U.S.C. § 1983, will be dismissed.

Further, as to other claims asserted, Plaintiff fails to allege adequately a basis for relief.

As to Claim VII, for violations of the Sixth Amendment right to counsel, Plaintiff's own allegations similarly defeat

---

[2] In his Complaint, Plaintiff recognizes that, under Polk County v. Dodson, 454 U.S. 312 (1981), a public defender performing the role of counsel to a defendant is not acting under color of law. Id. at 325. However, Plaintiff seeks to allege and argue that Defendant Close's alleged behaviors took her beyond the scope of a representative role for Plaintiff, and thus, she can be sued under § 1983 despite the general rule. (See Compl. (Doc. 3) ¶¶ 387-403.) However, Plaintiff makes no allegation that Defendant Close was beyond the scope of representation – indeed, the gist of his allegations is that Defendant Close performed her representation in a substandard way, such that she should be held liable because she failed to fulfill her duties in her role as his legal representative. While Polk County recognizes that public defenders could sometimes "act under color of state law in exercising [their] independent professional judgment in a criminal proceeding," such as, "when making hiring and firing decisions on behalf of the State," or more generally "while performing certain administrative and possibly investigative functions," id. at 324-25 (citations omitted), Plaintiff alleges no such behavior by Defendant Close and thus Plaintiff has failed to allege that Defendant Close was acting under color of state law.

-14-

themselves. Plaintiff alleges that Defendant Close's representation was constitutionally inadequate as outside the bounds of professional reasonableness and as having unprofessional errors serious enough to deprive Plaintiff of a fair trial, per <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). (Compl. (Doc. 3) ¶ 363.) Further, "the proper standard for attorney performance is that of reasonably effective assistance." <u>Strickland</u>, 466 U.S. at 687 (citations omitted). Here, Plaintiff's acknowledgment that his case was dismissed belies the assertion that he failed to receive a fair trial – if a dismissal before a verdict is rendered, thus ending the case in a light that benefits Plaintiff, is an unfair trial, what more would a party be able to request to receive a fair trial? Plaintiff here simply has not alleged a deprivation of a fair trial and thus, to the extent it existed, Plaintiff's Claim VII against both Defendant Close and Defendant State of North Carolina will also be dismissed.

Claims IX and X center around an alleged conspiracy to interfere with Plaintiff's legal rights by destroying his client file and Defendant Close's records relating to her representation of him. (Compl. (Doc. 3) ¶¶ 407, 419.) Claim IX

-15-

is brought under 42 U.S.C. § 1985,[3] and Claim X is a state claim for civil conspiracy. (Compl. (Doc. 3) at 42-45.) Significantly, "[s]ection 1985(3) does not create substantive rights" and "[r]ather, it create a remedy for the violation of certain federal constitutional or statutory rights defined elsewhere." Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 572 (E.D.N.C. 2009) (citations omitted). Consequently, "section 1985(3) is not a general federal tort statute and does not reach conspiracies motivated by economic or commercial animus." Id. (citation omitted). Conclusory allegations are insufficient for a § 1985 claim to survive, as, for example, "[a] party cannot avoid a motion to dismiss a section 1985(3) claim under Rule 12(b)(6) by simply using the word 'conspiracy,' citing 42 U.S.C. § 1985(3), and claiming that discovery will reveal the requisite elements." Id. at 573. Further, "[t]o allege a conspiracy under 42 U.S.C. § 1985, 'a claimant must show an agreement or a

---

[3] Based on the quoted provisions in Plaintiff's Complaint, it appears he is basing his claim on 42 U.S.C. § 1985(3), depriving person of rights or privileges, which outlaws conspiracy to "depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . ." 42 U.S.C. § 1985(3); (see also Compl. (Doc. 3) ¶ 406 (quoting slightly different language than that used in the statute itself).)

-16-

"meeting of the minds" by defendants to violate the claimant's constitutional rights.'" Myers v. AT&T Inc., NO. 5:12-CV-714-BO, 2016 WL 225671, at *3 (E.D.N.C. Jan. 19, 2016), appeal docketed, No. 16-1083 (4th Cir. Jan. 27, 2016) (citing Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995)). In addressing this requirement, the Fourth Circuit has observed that it has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995) (addressing past practices both on allegations and in summary judgment situations). Plaintiff alleges that the timing of the file's destruction and "administrative personnel['s]" awareness of when it had been destroyed "strongly implies that Defendant Close's supervisor was also aware that the file had been destroyed." (Compl. (Doc. 3) ¶ 409.) In the alternative, Plaintiff alleges that if the supervisor did not know of the destruction of the file, Defendant Close's "continued employment in the same office demonstrates at a minimum that her destruction of the file was covertly encouraged by her supervisor. Thus, at least an implicit agreement to conspire existed between Defendant Close and her supervisor . . . ." (Id. ¶ 410.) Plaintiff has no plausible allegation of a meeting of the minds between Defendant

Close and her supervisor sufficient to move his claim even remotely from possible to plausible, and the conclusory nature of his allegation of an agreement is apparent on the face of his complaint.[4] Thus, Claim IX will be dismissed in its entirety.

Similar analysis reveals the failings of Plaintiff's civil conspiracy claim. Plaintiff specifically alleges that he "must show that (1) an agreement to conspire existed between Defendant Close and Defendant NC . . . ." (Compl. (Doc. 3) ¶ 418 (citing Henry v. Deen, 310 N.C. 75, 86-87, 310 S.E.2d 326, 334 (1984)).) At best, and taking all allegations in the light most favorable to Plaintiff, he alleges that Defendant Close, perhaps with the implied understanding of her unnamed supervisor, destroyed the files "for the purpose of obstructing, impeding, or hindering Plaintiff's ability to seek and obtain legal remedy for her actions in the course of her representation of Plaintiff." (Id. ¶¶ 419-22.) However, Plaintiff then goes on to allege that the timing of the file's destruction is what "suggests strongly"

---

[4] Further, to the extent Plaintiff seeks to include Defendant State of North Carolina in Claim IX for conspiracy under 42 U.S.C. § 1985, that claim also cannot exist as "North Carolina is not a 'person' against which a Section . . . 1985 suit can be based." Silvers v. Iredell Cty. Dep't of Soc. Servs., CIVIL ACTION NO. 5:15-CV-00083-RLV-DCK2016 WL 427953, at *9 (W.D.N.C. Feb. 3, 2016) ("The Supreme Court has made it clear that a 'state' does not qualify as a 'person' for purposes of claims made pursuant to Section[] . . . 1985." (citations omitted)).

that Defendant Close's supervisor "was also aware that the file had been destroyed" but "[e]ven if [her] supervisor was unaware of the destruction . . . . her continued employment in the same office demonstrates at a minimum that her destruction of the file was covertly encouraged by her supervisor." (Id. ¶¶ 423-24.) Based on these allegations, Plaintiff has at best conclusorily alleged a covert or implicit agreement, and, in the alternative, alleged that no agreement ever occurred. Thus, his allegations defeat themselves and Claim X, against both Defendant Close and Defendant State of North Carolina, will be dismissed.

Defendants have raised a number of other defenses to Plaintiff's claims and although those defenses appear to have merit, they will not be further addressed here, as Plaintiff's allegations are sufficiently problematic to warrant dismissal based on the above grounds.

### III. CONCLUSION

For the reasons set forth herein, this court finds the motion to dismiss filed by Defendants Close and the State of North Carolina should be granted. **IT IS THEREFORE ORDERED** that the motion to dismiss (Doc. 10) filed by Defendants Crandall Frances Close and the State of North Carolina is **GRANTED** and Claims VI, VII, VIII, IX, and X are **DISMISSED WITH PREJUDICE.**

This the 28th day of March, 2016.

                                              /s/ William L. Osteen, Jr.
                                           United States District Judge